UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CoxCom, INC. D/B/A : | |
| COX COMMUNICATIONS : | |
| NEW ENGLAND : | |
| Plaintiff, : | |
| : | |
| -vs- : | Civil No.  3:04cv1912 (PCD) |
| : | |
| William KANE, : | |
| Defendant. : | |

**RULING ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff CoxCom, Inc. moves [Doc. No. 11] for an entry of judgment on default against Defendant William Kane.  For the reasons that follow, Plaintiff's motion is **granted in part**.

**I.     Background**

On January 14, 2005 default was entered [Doc. No. 8] against Defendant for failure to plead or otherwise defend against Plaintiff's allegations that he had violated 47 U.S.C. § 605(a).[1] Plaintiff thereafter timely moved for entry of judgment on default, attaching to its motion an affidavit of debt, in which Plaintiff seeks $7,000 in statutory damages pursuant to 47 U.S.C. § 605(e),[2] plus court costs in the amount of $200.00, and attorneys' fees in the amount of $852.00. Plaintiff also seeks an order prohibiting Defendant from engaging in or supporting the interception or reception of its cable television programming service or signal without its

---

[1] 47 U.S.C. § 605(a) provides in relevant part that "no person not entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit . . . ."

[2] 47 U.S.C. § 605(e)(3)(c)(i)(II) provides in relevant part that "the party aggrieved may recover an award of statutory damages for each violation . . . in a sum of not less than $ 1,000 or more than $ 10,000 . . . ."

permission. Plaintiff's request for entry of judgment on default [Doc. No. 11], absent objection, is **granted in part**. See D. Conn. L. Civ. R. 7(a) ("Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion."). The Court must next determine the appropriate damage award.

## II.   Discussion

Plaintiff alleged in its Complaint that it received records from another cable company which had civilly prosecuted a case against Modern Electronics, a distributor of devices, also known as "black boxes," which descramble cable television signals and enable the user with unlimited but unauthorized access. The records indicated that, on or about October 26, 2001, Defendant purchased a black box known as the Pioneer Super Combo and that a replacement for this unit, the Pioneer Super Combo 6110, was sent to Defendant on November 15, 2001. On or about April 25, 2003, Plaintiff's employees went to Defendant's home and requested to inspect the televisions that he had at his dwelling. Defendant, however, refused to permit the employees to inspect one of his televisions. Based upon the recorded date of Defendant's purchase of the black box and the date upon which Plaintiff was denied access to Defendant's television, Plaintiff argues that it can be inferred that Defendant illegally intercepted its cable signal for approximately thirty-nine months.

### A.   Statutory Damages

Plaintiff seeks to recover $7,000 in statutory damages pursuant to 47 U.S.C. § 605(e). In support of this figure, Plaintiff estimates that it has lost $4,217.85 in actual damages and seeks the remaining $2,782.15 as a means of deterring Defendant from this conduct in the future. Plaintiff's calculation of actual damages is based upon a monthly estimate of $108.15 in

damages, multiplied by thirty-nine, the number of months of alleged misuse. Plaintiff arrived at the $108.15 figure by estimating a loss of $32.45 per month for Defendant's unfettered access to its premium channels, with the remaining $75.30 calculated from the revenue lost if Defendant had ordered ten basic ($3.95 each) and four special pay-per-view selections ($8.95-32.45) per month.

Plaintiff correctly indicates that section 605 provides little guidance for determining an appropriate award of statutory damages, and courts have employed different methods of divining that figure. Compare Time Warner v. Domsky, No. 96 Civ. 6851, 1997 U.S. Dist. LEXIS 13505 (S.D.N.Y. Sept 2, 1997) (concluding that statutory damages should deter future illegal conduct and arriving at statutory damages award by doubling the calculation of actual damages) with Community Television Systems, Inc. V. Caruso, 134 F. Supp. 2d 455 (D. Conn. 2000) (concluding, without reference to actual damages sustained, that the circumstances of the case rendered just the imposition of the maximum statutory damages award). Courts have also considered, among other things, whether the defendant has used the device, the duration of any such use, and whether the defendant has forfeited the illegal device. See e.g., Charter Commun. Entm't I, LLC v. Shaw, 163 F. Supp. 2d 121, 124-25 (D. Conn. 2001).

In this case, although Plaintiff has not established that Defendant in fact used the device, Plaintiff has alleged, and Defendant has failed to refute, that Defendant refused it access to inspect one television in his house. From this conduct, Plaintiff alleges that the Court can infer that for thirty-nine months he utilized the illegal device. Plaintiff's argument that the court should consider statutory damages based in part on its estimated actual damages is persuasive, as the amount requested is fairly discernable from the value of services stolen. Accordingly,

Plaintiff's shall minimally recover $4,217.85.

The Court turns next to Plaintiff's request for $2,782.15 in statutory damages to deter Defendant from engaging in this unlawful conduct in the future. Plaintiff, it appears, arrived at this figure by considering $7,000 to be an appropriate award in this case, and then subtracting $4,217.85–the amount of estimated actual damages. Although the amount of statutory damages requested for deterrence is somewhat random, it is nonetheless, even when considered in conjunction with the actual damage estimate, considerably smaller than $10,000, the maximum amount of statutory damages permissible under section 605(e). Because Plaintiff has alleged, and Defendant has not established otherwise, that Defendant possessed and likely utilized a black box for more than three years, and that conduct likely would have continued had Plaintiff not intervened, the Court is persuaded that the final award of damages shall include an amount above that which Plaintiff estimates in actual damages. Although there is no magic to Plaintiff's request for $2,782.15 in damages to deter Defendant's future conduct, the Court, in its discretion when awarding statutory damages under section 605, finds that figure reasonable both in light of the allegedly prolonged use of the device and as a means of deterring Defendant from engaging in this conduct in the future.

### B. Permanent Injunction

Plaintiff also requests that the Court issue a permanent injunction prohibiting Defendant from utilizing the device in the future. More specifically, Plaintiff has proposed the following language:

> The Court hereby enjoins the Defendant, the Defendant's respective agents, servants, employees, and any person or entity controlled directly or indirectly by the Defendant or acting on the Defendant's behalf from the modification and/or use of electronic equipment designed for the unauthorized interception of signals in accordance with Title 47 and from assisting third parties with the unauthorized interception of signals by and through the sale and/or distribution of electronic equipment designed for the unauthorized interception of signal.

The proposed language is appropriate and Plaintiff's request for an injunction is hereby granted.

### C. Attorney's Fees and Costs

Finally, Plaintiff seeks to recover $852.00 in attorney's fees and $200.00 in costs, plus post-judgment interest. Plaintiff's request for attorney's fees and costs are hereby granted. Plaintiff shall file with the Clerk of the Court a request for post-judgment interest.

### III. Conclusion

In light of the foregoing, Plaintiff is entitled to $7,000 in statutory damages, plus $200.00 in costs, and $852.00 in attorneys' fees. Finally, as more fully described in the language proposed by Plaintiff and adopted by the Court in the form of a permanent injunction, Defendant shall not engage in or support the interception or reception of Plaintiff's cable television programming service or signal without its permission. Judgment shall enter accordingly. The Clerk shall close the file.

SO ORDERED.

Dated at New Haven, Connecticut, January __13__, 2006.

                                                      /s/
                                       Peter C. Dorsey
                                 United States District Judge